Tobias **GEMINIANO–MARTINEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72200.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 21, 2005.

Fed. R.App. P. 34(a)(2).

898

Jon Eric Garde, Esq., Law Offices of Jon Eric Garde, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Terri Jane Scardon, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Tobias Geminiano–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We have jurisdiction under former 8 U.S.C. § 1105a. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

Where, as here, the BIA made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the harm that Geminiano–Martinez suffered in Mexico did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats "constitute harassment rather than persecution"). In addition, substantial evidence supports the BIA's conclusion that Geminiano–Martinez's fear of future persecution is too speculative to establish a well-founded fear of persecution. *See Nagoulko*, 333 F.3d at 1018.

Because Geminiano–Martinez did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the conclusion that Geminiano–Martinez failed to establish eligibility for CAT relief. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Geminiano–Martinez's remaining contentions are without merit.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), Geminiano–Martinez's voluntary departure period will begin to run upon issuance of this court's mandate.

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.